UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**SENTRY INSURANCE A MUTUAL COMPANY,** as subrogee of Stihl Southeast, Inc.

    Plaintiff,

v.                                                                                          Case No: 5:20-cv-8-Oc-30PRL

**STANLEY CONVERGENT SECURITY SOLUTIONS, INC.,**

    Defendant.

## REPORT AND RECOMMENDATION[1]

In this diversity action, Plaintiff Sentry Insurance, acting as subrogee of Stihl Southeast, Inc. ("Stihl"), is suing Stanley Convergent Security Solutions, Inc. ("SCSS") for contractual subrogation (Count I) and subrogation in gross negligence (Count II). SCSS moves to dismiss the suit and argues that Plaintiff has failed to state a claim against it. (Doc. 8). Sentry has responded (Doc. 16) and SCSS has replied. (Doc. 19). For the reasons discussed below I submit that SCSS's motion is due to be granted.

### I.     Background

This lawsuit arises out of a contract between Stihl and SCSS. (Doc. 1, Exhibit B). That contract is attached to the complaint and is therefore part of the pleadings. *Griffin Indus., Inc. v.*

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

*Irvin*, 496 F.3d 1189, 1205 (11th Cir. 2007) (considering exhibits attached to a complaint as "part of the pleading 'for all purposes'") (quoting Fed. R. Civ. P. 10(c)).

According to the Complaint (Doc. 1), Stihl contracted with SCSS to provide security monitoring of its business facility. Under their agreement, SCSS was to notify Stihl, Stihl's emergency listings, and the local police department if a security alarm was tripped. On September 19, 2018, Stihl's facility was broken into and approximately $962,850.17 worth of inventory and equipment was stolen. SCSS did not notify Stihl, Stihl's emergency contact list, or the local police when the alarm at Stihl's facility was tripped. Sentry Insurance subsequently paid Stihl $962,850.17 for the loss of inventory and equipment pursuant to an insurance policy.

Now, Sentry Insurance sues SCSS for contractual subrogation (Count I) and for subrogation in gross negligence (Count II) for failing to notify anyone when the alarm had been tripped.

## II.    Standards

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While detailed factual allegations are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly,* 550 U.S. at 570). The court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences from there. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). In considering the sufficiency of the complaint, the

court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *Id.*

The Eleventh Circuit uses a two-pronged approach in applying the holding in *Ashcroft* and *Twombly*. First, the Court must "eliminate any allegations in the complaint that are merely legal conclusions," and then, "where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal,* 556 U.S. at 679).

A well-pled complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556. The issue to be decided when considering a motion to dismiss is not whether the claimant will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), overruled on other grounds by *Davis v. Scheuer*, 468 U.S. 183 (1984).

### III.    Discussion

As an initial matter, in this diversity suit "the choice-of-law rules of the forum state determine which state's substantive law applies." *RSUI Indem. Co. v. Desai*, No. 8:13-CV-2629-T-30TGW, 2014 WL 4347821, at *2 (M.D. Fla. Sept. 2, 2014). In Florida, "when contracting parties indicate in the contract their intention as to the governing law, any dispute under the contract will be governed by such law as long as it is not against Florida's public policy." *Videojet Techs. Inc. v. Garcia*, No. 8:07-CV-1407T30MAP, 2008 WL 2415042, at *3 (M.D. Fla. June 12, 2008) (footnote omitted). Here, the contract states (and the parties do not dispute) that New York law governs. (Doc. 1, Exhibit B, ¶14). Thus, absent argument to the contrary, New York law applies to Sentry's allegations.

Sentry specifically claims that it is suing as the subrogee of Stihl. (Doc. 1). In the insurance context, "subrogation is the principle by which an insurer, having paid the losses of its insured, is placed in the position of its insured so that it may recover from the third party legally responsible for the loss." *Blue Cross and Blue Shield of N.J., Inc. v. Philip Morris USA Inc.,* 818 N.E.2d 1140, 1144 (N.Y. 2004). A subrogee "acquires all rights, defenses and remedies of the subrogor and is subject to any claims or defenses which may be raised against the subrogor; thus, the rights of a subrogee must be determined with respect to the rights of the subrogor." *Servidori v. Mahoney*, 515 N.Y.S.2d 328, 329 (N.Y. App. Div. 1987). So, Sentry, as a subrogee of Stihl, stands in Stihl's shoes and is subject to the same defenses that Stihl would face.

SCSS's main argument is that Stihl waived the right of subrogation when it signed the contract, so Sentry Insurance lacks standing to sue as a subrogee of Stihl. The waiver of subrogation clause in the contract supports this theory:

> **11. Insurance and Waiver of Subrogation**
>
> Customer shall obtain, and maintain, insurance coverage to cover all losses, damage, or injury related to or sustained by Customer in connection with, the services provided by SCSS. For all losses, damage or injury above the limits set forth in paragraph 4B, Customer shall look solely to its insurer for recovery of its loss and hereby waives any and all claims for such loss against SCSS. Customer agrees to obtain insurance permitting said waiver without invalidating coverage. Customer does hereby for itself and other parties claiming under it release and discharge SCSS from and against all claims arising from hazards covered by Customer's insurance, it being expressly agreed and understood that no insurance company or insurer will have any right of subrogation against SCSS.

(Doc. 1, Exhibit B).

Under New York law, a waiver of subrogation clause in a contract such as this is a total defense of all claims. *Abacus Fed. Sav. Bank v. ADT Sec. Servs., Inc.,* 967 N.E.2d 666, 670 (N.Y.

2012); *see also Vigilant Ins. Co. v. ADT Sec. Servs., Inc.*, No. 10 CIV. 3066 BSJ, 2011 WL 855874, at *3 (S.D.N.Y. Mar. 9, 2011) (finding that a contract's waiver of subrogation provision deprived an insurance company of standing to sue a security company). Indeed, a waiver of subrogation clause, such as the one here, that "requires one of the parties to provide insurance for all of the parties and thereby provide[s] a predetermined source of recovery," is enforceable to preclude a claim for gross negligence. *Id.* (drawing a distinction between an unenforceable exculpatory provision that exempts a party from liability and an enforceable contractual provisions, such as the insurance and subrogation waiver provision, "which in effect simply require[s] one of the parties to the contract to provide insurance for all of the parties") (citation omitted).[2]

Sentry Insurance presents several unavailing arguments to overcome the waiver of subrogation provision. First, Sentry claims that *it* did not agree to the waiver of subrogation in the contract, which Sentry claims would have been required for the waiver to be effective. Sentry cites to no authority to support this claim and seems to overlook the subrogee relationship. Indeed "parties to an agreement may waive their insurers' subrogation rights." *Kaf-Kaf, Inc. v. Rodless Decorations, Inc.,* 687 N.E.2d 1330, 1333 (N.Y. 1997). Similarly, Sentry also claims that *it* received no consideration, which it argues would be required for the contract to be binding. Sentry,

---

[2] Notably, even if the waiver of subrogation did not bar gross negligence, Sentry's claim is still deficient. Under New York law, a "[d]elayed or inadequate response to an alarm signal, without more, is not gross negligence." *Hartford Ins. Co. v. Holmes Prot. Grp.*, 673 N.Y.S.2d 132, 233 (N.Y. App. Div. 1998). Gross negligence must "smack of an intentional wrongdoing by evincing a reckless indifference to the rights of others." *Id*. Here, Plaintiff merely alleges that SCSS failed to notify Stihl, the police, or anyone on Stihl's emergency list (Doc. 1, ¶ 22), which, without more, does not amount to gross negligence under New York law. *See id*.; *Consumers Distrib. Co. v. Baker Protective Servs., Inc.*, 609 N.Y.S.2d 213, 213 (N.Y. App. Div. 1994) ("[T]he failure of defendant's employee on two occasions to respond to a signal indicating a possible burglary despite hourly noise reminders, while clearly ordinary negligence, was not gross negligence."); *Cf. Abascus*, 967 N.E.2d at 669–70 (finding plaintiff's allegations that "both defendants had knowledge—for weeks, if not months—that the equipment had been malfunctioning" and "that defendants not only failed to investigate the source of their equipment malfunction, but they failed to put anyone at the branch on notice of the potential security breach" constituted gross negligence).

however, is suing as the subrogee as Stihl and is therefore placed in Stihl's position. *Blue Cross and Blue Shield of N.J., Inc.*, 818 N.E.2d at 1144. Sentry has made no arguments that Stihl did not receive consideration.

Next, Sentry claims that there is no evidence that Stihl knew about the waiver of subrogation clause or requested Sentry's approval of the clause, which it claims is required (but again, cites no authority to support this statement). The fact that Stihl executed the agreement with SCSS is enough to support that the contract was binding. *See, e.g.*, *Kearins v. Panalpina, Inc.*, 570 F. App'x 9, 10–11 (2d Cir. 2014) ("Under New York law, a person who signs an agreement is conclusively bound by it even if he did not read the agreement or understand its terms."). Additionally, Sentry's argument that a waiver of subrogation is an exculpatory clause and a signer of such a clause must be aware of it also fails because New York courts have clearly distinguished the two types of provisions, as discussed above. *Abacus,* 967 N.E.2d at 670.

Lastly, Sentry relies on the ruling in *XL Specialty Ins. Co. v. Christie's Fine Art Storage Servs., Inc.*, where a New York court decided that a waiver of subrogation clause was not enforceable. 27 N.Y.S.3d 528, 530 (N.Y. App. Div. 2016). However, in that case the court decided that the bailor/bailee relationship between the parties made the waiver of subrogation unenforceable. *Id.* ("Provisions purporting to exempt the bailee from liability for damage to stored goods from perils against which the bailor had secured insurance, even when caused by the bailee's negligence have been held to run afoul of the statutory scheme of UCC article 7."). Here, the parties are not in a bailor/bailee relationship or subject to UCC article 7. Additionally, Sentry does not claim it is suing under any UCC provision and merely states that the same standard should apply because the contract included goods (the security system) and services (the monitoring). None of Sentry's arguments can overcome the fact that Stihl waived the right of subrogation when

it signed the contract with SCSS. And under New York law, a waiver of subrogation is a complete defense to all claims, including gross negligence. *Abacus Fed. Sav. Bank*, 967 N.E.2d at 670. As such, the contract precludes Sentry's claims and SCSS's motion to dismiss should be granted.[3]

### IV.     Recommendation

For the reasons stated above, it is respectfully **RECOMMENDED** that Defendant's Motion to Dismiss (Doc. 8) be **GRANTED**, and the Complaint (Doc. 1) be **DISMISSED**.

Recommended in Ocala, Florida on May 12, 2020.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[3] Because the waiver of subrogation provision precludes all claims the Court need not reach the argument that all claims are barred by the contractual limitations period as well.